Arthur Carl Spring, Esq. Informal Opinion County Attorney No. 98-45 County of Fulton County Building Johnstown, N Y 12095
Dear Mr. Spring:
You have asked whether it is a conflict of interests for a person to serve as director of the Fulton County Planning Board and as a member of the Fulton County Economic Development Agency, an industrial development agency (IDA) operating under article 18-A of the General Municipal Law. You have withdrawn the other inquiry in your opinion request.
You have forwarded to us the job description of the position of Planning Board Director. The Director directs, manages and administers county planning, including strategic and tactical planning, capital planning, major program planning and construction management. The officeholder is responsible for overseeing preparation of comprehensive land use plans, zoning and economic development programs and grant proposals for governmental funding. Generally, he is responsible for hiring staff and managing an office. In undertaking his duties, the Director confers with public officials, professional and civil organizations and others with an interest in the planning process.
The person serving as Director also serves as a member of the County IDA. These agencies are created by the Legislature to promote, develop and assist in the development of facilities for industry, manufacturing, warehousing, commercial research, recreation, etc. General Municipal Law § 858. An IDA's purpose is to advance job opportunities, health, general prosperity and economic welfare of the people of the State and to improve their recreational opportunities. Id. To carry out its functions, an IDA specifically is empowered to borrow money and to issue bonds; to acquire, construct, maintain or equip a project; and to lease projects which may include an option for purchase. Id. Significantly, an agency may acquire interests in real property, which must be utilized in compliance with local zoning and planning regulations and giving consideration to regional and local comprehensive land use plans. Id.
Your inquiry falls within the doctrine of compatibility of offices. In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
Returning to your inquiry, one position is not subordinate to the other. The question remains whether there is a conflict between the duties of the two positions that would make them incompatible. In our view, the positions are compatible. Under article 18-A of the General Municipal Law,
 [a]ny one or more of the members of an agency [an industrial development agency] may be an official or an employee of the municipality. In the event that an official or an employee of the municipality shall be appointed as a member of the agency, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. The term of office of a member of an agency who is an official or an employee of the municipality when appointed as a member thereof by special act of the legislature creating the industrial development agency shall terminate at the expiration of the term of his municipal office. Id., § 856(4).
In any event, we see no conflict of duties. IDAs, in undertaking projects, are required to adhere to local zoning and land use regulations and must take into consideration comprehensive land use plans. The Planning Board Director oversees economic development programs and the land use planning process. Membership on the IDA of the Director of the County Planning Board provides to the IDA expertise in economic development and facilitates IDA project compliance with local zoning and IDA consideration of land use plans. Taking into consideration the broad duties of the Fulton County Planning Board Director in economic development and land use planning; section 856(4) of the General Municipal Law; and the enabling legislation for IDA's requiring that in undertaking projects they adhere to local zoning and consider comprehensive land use plans, we see no conflict between the duties of these two offices.
We conclude that the positions of member of a county industrial development agency and director of a county planning board are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions